IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEMELL KENT, | ) |
| | ) No. 15 CV |
| | ) |
| Plaintiff, | ) |
| | ) Honorable |
| v. | ) |
| | ) |
| VILLAGE OF FLOSSMOOR, a municipal corporation, OFFICER M. CAGLE, Star No. UNKNOWN, in his individual capacity, OFFICER E. SAILSBERY, Star No. 725, in his individual capacity, and UNKNOWN FLOSSMOOR POLICE OFFICER NUMBER ONE, in his individual capacity, | ) Magistrate Judge |
| | ) |
| Defendants. | ) **Jury Trial Demanded.** |

## COMPLAINT

**NOW COMES** Plaintiff, JEMELL KENT, by and through his attorney, VICTOR P. HENDERSON, and complains of Defendants, VILLAGE OF FLOOSMOOR, a municipal corporation, OFFICER M. CAGLE, Star No. UNKNOWN, in his individual capacity, OFFICER E. SAILSBERY, Star No. 725, in his individual capacity, and UNKNOWN FLOSSMOOR POLICE OFFICER NUMBER ONE, in his individual capacity, as follows:

## NATURE OF CASE

This is an action for monetary damages brought pursuant to 42 U.S.C. §1983 and the laws of the State of Illinois.

1

## PARTIES

1. At all relevant times, Plaintiff Jemell Kent ("Kent") was a resident of the Northern District of Illinois.

2. At all relevant times, Defendant Officer M. Cagle ("Defendant Cagle") served as a Flossmoor Police Officer and acted under the color of law and in the course and scope of his employment with the Village of Flossmoor as a sworn law enforcement officer.

3. At all relevant times, Defendant Officer Sailsbery ("Defendant Sailsbery") served as a Flossmoor Police Officer and acted under the color of law and in the course and scope of his employment with the Village of Flossmoor as a sworn law enforcement officer.

4. At all relevant times, Defendant Unknown Flossmoor Police Officer Number One ("Defendant Unknown Officer") served as a Flossmoor Police Officer and acted under the color of law and in the course and scope of his employment with the Village of Flossmoor as a sworn law enforcement officer.

5. At all relevant times, Defendant Village of Flossmoor ("Defendant Flossmoor") was a municipal corporation incorporated under the laws of the State of Illinois. Defendant Flossmoor operates the Flossmoor Police Department, and is the principal employer of Defendants Cagle, Sailsbery, and Unknown Officer.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1343 and 1367, because Plaintiff asserts herein claims that arise under

the Constitution and laws of the United States, and other claims that are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. §1391(b), because the facts that gave rise to the claims occurred within the Northern District of Illinois.

## FACTS

8. On or about February 11, 2014, Kent was arrested by the Village of Flossmoor Police Department for misdemeanor traffic violations.

9. Kent was then taken to the Flossmoor Police Department at 2800 Flossmoor Road.

10. While at the police department, Defendant Officers Cagle, Sailsbery, and Unknown Officer conducted a pat-down search of Kent.

11. While being searched, Kent was handcuffed behind his back and facing a wall.

12. While conducting the search, the Defendant Officers questioned Kent.

13. During the search and questioning, the Defendant Officers became increasingly irritated with Kent's answers.

14. The Defendant Officers pulled Kent's legs out from under him and threw him face down onto the floor.

15. Because Kent was handcuffed behind his back, he was unable to use his hands to break his fall.

16. As a result of being thrown to the ground by the defendant officers, Kent suffered and continues to suffer constant back and neck pain.

17. The Defendant Officers instituted "Resisting a Peace Officer" charges against Kent as a result of the incident that took place during the pat-down search.

18. On or about October 29, 2014, the Circuit Court of Cook County dismissed the "Resisting a Peace Officer" charges against Kent.

19. As a result of the fear and embarrassment Kent and his family suffered due to the Defendant Officers' use of excessive force and institution of false criminal charges, Kent and his family moved from Country Club Hills, IL to Joliet, IL.

## COUNT I
### 42 U.S.C. § 1983 - EXCESSIVE FORCE
**(Defendants Cagle, Sailsbery, and Unknown Officer)**

20. Each of the foregoing paragraphs is incorporated as if restated fully herein.

21. Defendants Cagle, Sailsbery, and Unknown Officer, without provocation, used excessive, unnecessary, and/or unreasonable force against Kent when they pulled his feet out from under him and threw him to the ground, in violation of his rights under the United States Constitution.

22. The Conduct of Defendants Cagle, Sailsbery, and Unknown Officer was intentional, willful, malicious, in reckless disregard for, deliberatively indifferent to and/or callously indifferent to Kent's constitutional rights.

4

23. As a result of the unjustified and excessive use of force by Defendants Cagle, Sailsbery, and Unknown Officer, Kent suffered and continues to suffer constant pain to his back and neck.

24. As a result of the fear and embarrassment Kent and his family suffered due to the Defendant Officers' use of excessive force, Kent and his family moved from Country Club Hills, IL to Joliet, IL.

**WHEREFORE**, Plaintiff prays that this Court:

A. Enter judgment in favor of the Plaintiff and against Defendants Cagle, Sailsbery, and Unknown Officer.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff and against Defendants Cagle, Sailsbery, and Unknown Officer.

D. Award attorneys' fees and costs in favor of Plaintiff and against Defendants Cagle, Sailsbery, and Unknown Officer.

E. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT II
## MALICIOUS PROSECUTION
**(Defendants Cagle, Sailsbery, and Unknown Officer)**

25. Each of the foregoing paragraphs is incorporated as if restated fully herein.

26. Defendants Cagle, Sailsbery, and Unknown Officer instituted criminal charges against Mr. Kent for Resisting a Peace Officer.

27. Defendants Cagle, Sailsbery, and Unknown Officer did not have probable cause to institute these charges.

28. Defendants Cagle, Sailsbery, and Unknown Officer instituted these charges to cover up for their use of excessive force against Kent.

29. These charges against Kent were dismissed on or about October 29, 2014.

30. As a result of these false charges, Kent incurred the costs of hiring an attorney to defend him against the false charges, suffered fear and embarrassment, and moved from Country Club Hills, IL to Joliet, IL.

**WHEREFORE**, Plaintiff prays that this Court:

A. Enter judgment in favor of the Plaintiff and against Defendants Cagle, Sailsbery, and Unknown Officer.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff and against Defendants Cagle, Sailsbery, and Unknown Officer.

D. Award attorneys' fees and costs in favor of Plaintiff and against Defendants Cagle, Sailsbery, and Unknown Officer.

E. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT III
## RESPONDEAT SUPERIOR
### (Defendant Village of Flossmoor)

31. Each of the foregoing paragraphs is incorporated as if restated fully herein.

32. The acts of Cagle, Sailsbery, and Unknown Officer were intentional and/or willful and wanton and committed within the scope of employment with the Flossmoor Police Department.

33. Defendant Village of Flossmoor is liable as principal for all torts committed by its agents.

34. Thus, should Kent prevail on his state law claim against Defendants Cagle, Sailsbery, and Unknown Officer, Defendant Village Of Flossmoor is also liable.

**WHEREFORE**, Plaintiff prays that this Court:

A. Enter judgment in favor of the Plaintiff and against Defendant Village of Flossmoor.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award attorneys' fees and costs in favor of Plaintiff and against Defendant Village of Flossmoor.

D. Award such other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**COUNT IV**
**ILLINOIS STATE LAW CLAIM OF INDEMNIFICATION**
**PUSUANT TO 745 ILCS 10/9-102**
**(Defendant Village of Flossmoor)**

35. Each of the foregoing paragraphs is incorporated as if restated fully herein.

36. Defendant Village of Flossmoor is the indemnifying entity for the actions of Defendants Cagle, Sailsbery, and Unknown Officer, described above, who took these actions while acting under the color of law and in the course and scope of their employment with the Village of Flossmoor.

**WHEREFORE**, should Defendants Cagle, Sailsbery, and Unknown Officer be found liable of the claims set forth above, Plaintiff demands that Defendant Village of Flossmoor be found liable for any judgment (other than punitive damages) he obtains, pursuant to 745 ILCS 10/9-102.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**DATED:** August 31, 2015

                                                     Respectfully Submitted,

                                                     /s/ Victor P. Henderson
                                                     One of the Attorneys For Plaintiff

Victor P. Henderson
Rebecca R. Kaiser
**HENDERSON ADAM, LLC**
330 South Wells Street, Suite 300
Chicago, IL 60606
Telephone: (312) 262-2900
Facsimile:  (312) 262-2901